# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 15-cv-00877-KMT**

**Joseph Andrew Usera,**

    **Plaintiff,**

**v.**

**Rocky Vista University LLC,
and David Robert Black,**

    **Defendants.**

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held in this matter on August 11, 2015 at 9:30 a.m. before Hon. Magistrate Judge Kathleen M. Tafoya.

The following counsel appeared on behalf of the Plaintiff, Joseph Andrew Usera: Seth J. Benezra, Benezra & Culver, P.C., 633 17th Street, Suite 1310, Denver, CO 80202, 303-716-02548, sjbenezra@bc-law.com.

The following counsel appeared on behalf of the Defendants, Rocky Vista University, LLC, and David Robert Black: David H. Stacy, Stacy & Associates, LLC, 7887 E. Belleview Ave., Suite 1100, Denver, CO  80111, (303) 770-2100, dstacy@stacy-law.com.

## 2. STATEMENT OF JURISDICTION

The Parties agree that jurisdiction is proper in this court because Plaintiff Usera has alleged violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*; 42 U.S.C. § 1981; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; The Federal False Claims Act (hereinafter "FFCA"), 31 U.S.C. § 3730(h), as amended; and 42 U.S.C. § 1988. Supplemental jurisdiction in this Court is conferred over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state and federal claims arise out of a common nucleus of operative facts.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff(s): Joseph Andrew Usera ("Usera") was born and raised in Puerto Rico and is 65 years old. Usera holds a J.D. degree from George Washington University. Prior to working for the Defendant Rocky Vista University (hereinafter referred to as "RVU"), Usera had more than 20 years of experience as a higher-education attorney in private practice.

Yife Tien (hereinafter referred to as "Tien") is the founder of RVU and a member of the RVU Board of Trustees (hereinafter referred to as the "Board"). The Defendant RVU is a for-profit Colorado limited liability corporation which operates a private osteopathic college of medicine in Parker, Colorado. The Defendant David Robert Black has served on the RVU Board as President of RVU and as an outside attorney representing RVU. In 2008, Tien asked Usera to wind down his law practice in Virginia and relocate to Colorado to become RVU's Vice President and General Counsel. Tien

promised Usera that he could work for RVU for 10 years, and the parties signed a renewable employment agreement with an initial five-year term of employment.

Usera's job responsibilities included, but were not limited to, serving on RVU's executive leadership team, budgeting and strategic planning responsibilities, supporting and providing staffing for the work of the Board, heading RVU's governmental relations efforts and external relations with educational and professional organizations, reviewing contracts and agreements, and working with RVU's outside counsel.

User's performance at RVU was excellent. In his last written evaluation issued by the Board to Usera is 2012, Usera was deemed to have exceeded expectations and he received a four percent raise.

Beginning in 2009, Usera raised issues regarding RVU's compliance with federal and/or state laws and regulations. Usera also participated in protected activity under Title VII of the Civil Rights Act of 1964 by insisting that RVU investigate a complaint of sexual harassment and gender discrimination against an RVU management employee. Usera's complaints angered various RVU officials, including the Defendant Black. RVU and Black subsequently began a campaign of retaliation against Usera. The retaliation included, but was not limited to, the following: RVU and Black launched a biased investigation of Usera following his complaints. The investigation was ostensibly based on a complaint made by one of Usera's subordinate employees with a documented history of poor performance, including having recently been placed on a performance improvement plan. In other similar cases involving non-Hispanic employees, RVU either failed to conduct investigations or failed to discipline management employees

following investigations that revealed the manager had, in fact, engaged in misconduct. When Usera complained that he had been subjected to disparate treatment based upon his race and in retaliation for complaints about RVU's failure to comply with federal and/or state laws, the Defendants subjected him to further retaliation, which included, but was not limited to, the removal of his job responsibilities, exclusion from Board meetings, an attempt to change Mr. Usera's job description so that he reported to the RVU President and not to the Board, and his exclusion from contract negotiations involving the incoming new President of RVU.  In addition, when Usera complained about the manner in which he was being treated, Black sent him an email suggesting that he keep his excitable "Latin demeanor" under control.

On January 23, 2013, Usera went out on a medical leave of absence and subsequently applied for and was granted leave pursuant to the Family and Medical Leave Act (hereinafter "FMLA).  On January 28, 2013, Mr. Usera, through his counsel, sent a letter to RVU in which he described the discrimination and retaliation that he had been subjected to and which asserted that he had claims for unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, as well as other claims.  On February 12, 2013 the Defendants responded in a letter in which they contended that Mr. Usera was "in a conflict of interest with his client," and that Mr. Usera had apparently "discharged RVU from further performance [of his employment contract]."

When Mr. Usera was given the green light by his internist to return to work, he informed RVU of his intent to return to work on April 17, 2013.  Up to that point, Mr.

Usera had been repeatedly told in written communications by RVU's attorneys that he was welcome to return to work. On April 8, 2013, Usera filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), complaining of national origin and age discrimination and unlawful retaliation for having complained about discrimination. Usera followed up by filing amended charges of discrimination and retaliation with the EEOC in 2013.

On April 16, 2013, RVU informed Mr. Usera that he was being placed on paid administrative leave. On June 20, 2013, despite oral assurances that he was welcome to return to work, RVU informed Usera that he should not return to work and that he was being placed on a second administrative leave. On July 15, 2013, RVU informed Usera that his contract of employment would not be renewed at its expiry on January 31, 2014. Moreover, RVU through counsel threatened to go against his law license. On October 11, 2013, RVU filed a lawsuit against Usera under the Declaratory Judgment Act seeking to stop paying Mr. Usera his salary and benefits, to recoup past wages and benefits paid, and to terminate his employment prior to the end of his employment agreement in January 2014.

Based upon the above facts, Plaintiff's Complaint asserts claims for relief for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981; unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended; age discrimination and unlawful retaliation in violation of the ADEA; unlawful retaliation under FMLA; wrongful discharge and breach of public policy; unlawful retaliation in violation of the FFCA, 31 U.S.C. § 3730(h); intentional interference with

contract, and intentional interference with prospective business advantage. Plaintiff seeks all available remedies under these statutes, including, but not limited to, lost wages and benefits; front-pay damages; injunctive relief; liquidated damages; punitive damages; compensatory damages, including, but not limited to, emotional distress, pre- and post-judgment interest, and his attorney's fees and costs in pursing his claims.

b. Defendant(s):

This action was filed on April 24, 2015 by Andrew J. Usera ("Mr. Usera") against Rocky Vista University ("RVU") and David Robert Black ("Mr. Black") (sometimes collectively referred to as "Defendants"). Mr. Usera was the former General Counsel and Vice President of RVU, an osteopathic medical school founded in 2008. Mr. Black is outside counsel to RVU.

Mr. Usera became an employee of RVU on February 1, 2009. The terms of his employment were set forth in an employment agreement (the "Contract"). The Contract was for a fixed term of five years, which "may be extended by the RVU and JAU for an additional five (5) year term." If RVU or Mr. Usera decided not to extend the Contract, the non-renewing party, was required to give six months-notice of its decision prior to the Contract's end date of January 31, 2014. Therefore, notice of non-renewal had to be given by July 31, 2013.

As General Counsel of RVU, Mr. Usera was responsible for providing "support [to] the President, the Board of Trustees, and other University officials." Schedule 1, para. X to the Contract. In addition, RVU "reserv[ed] the right to alter this position's job

6

description/job duties to meet the needs and goals of the organization." Schedule 1, p. 3 to the Contract.

On January 23, 2013, Mr. Usera took medical leave. While out on medical leave, Mr. Usera, through counsel, sent RVU a demand letter that had no merit and threatened RVU and several of its top officials with tort liabilities, including claims for breach of contract, tortious interference with contract, intentional infliction of emotional distress, and defamation *per se*, none of which are protected; as well as protected claims for discrimination and retaliation, if RVU refused to pay him a large sum of money. This placed Mr. Usera in a conflict of interest and disabled him from further acting as counsel to the RVU Board of Trustees. Nevertheless, Mr. Usera continued to insist performance.

However, Mr. Usera did not in fact continue performing his duties. Instead, he refused to participate in the independent investigation into his discrimination and retaliation claims. He also failed to advise the Board of Trustees as to how he could continue to represent RVU when he was threatening it and its top officials with tort liabilities. RVU, however, despite Mr. Usera's conflict of interest and his failure to perform his duties, continued to pay Mr. Usera his full salary until the end of his Contract.

On April 8, 2013, Mr. Usera filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") against RVU, which he supplemented in July and November of 2013. Mr. Usera then requested and received a right to sue letter in January 2015.

On January 31, 2014, Mr. Usera's Contract with RVU came to an end.  RVU decided not extend it and gave Mr. Usera, pursuant to the Contract, proper notice of its decision.  RVU has paid Mr. Usera all monies due to him under the Contract.

In this action, Mr. Usera now asserts claims for relief for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981 (against RVU and Mr. Black); unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (against RVU); age discrimination and unlawful retaliation in violation of the ADEA (against RVU); unlawful retaliation under FMLA (against RVU); wrongful discharge and breach of public policy (against RVU); unlawful retaliation in violation of the FFCA, 31 U.S.C. § 3730(h) (against RVU); intentional interference with contract (against Mr. Black), and intentional interference with prospective business advantage (against Mr. Black).

RVU and Mr. Black, however, never discriminated or retaliated against Mr. Usera; nor does Mr. Usera's Complaint sufficiently allege such conduct.  Mr. Usera fails to allege any facts in support of the notion that the Defendants actions were in any way motivated by Mr. Usera's national origin, race, and/or age.  Moreover, RVU had a legitimate business reason for all of its actions, including the decision not to extend Mr. Usera's Contract.

Mr. Usera's Contract was for a fixed five-year term, with no obligation on the part of RVU to extend it.  Moreover, RVU determined that it did not need a full-time in-house general counsel.  Mr. Usera was RVU's first and only in-house general counsel.  The position of General Counsel no longer exists. When RVU made the decision to hire Mr.

8

Usera, it had just admitted its first class in 2008. At that time, the Board of Trustees felt that a full-time in-house general counsel would be useful in getting RVU accredited and in advising the Board and RVU top officials on various matters. Over time, however, it became clear that a full-time in-house general counsel was not needed.

Moreover, Mr. Usera's performance during the last year of his Contract was sub-par and his mistakes and behavior had cost RVU a considerable sum of money. For example, Mr. Usera failed to catch an important mistake on an employment contract. Because of that mistake, RVU had to pay the employee a considerable amount of money that he should not have been entitled to. Mr. Usera was also the focus of two separate gender discrimination complaints brought by former female RVU employees. Both ended in settlements that again cost RVU significant sums of money.

Moreover, Mr. Usera had a difficult time getting along with fellow co-workers and refused to cooperate with the past Presidents of RVU. Despite the fact that one of his main responsibilities as General Counsel was to advise top RVU officials, Mr. Usera refused to report to the President.

In addition, Mr. Usera's January 28, 2013 demand letter created a conflict of interest, since Mr. Usera had threatened his client, RVU, with tort liabilities. However, despite Mr. Usera's ethical obligation as a lawyer to resign once the conflict was created, he refused and continued to pursue both his personal tort causes of action and protected EEOC causes of action, while at the same time refusing to perform his duties as general counsel of RVU. This demonstrated Mr. Usera's lack of understanding of his ethical obligations as a lawyer.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

a.  Mr. Usera holds a Bachelor of Arts degree from Colgate University and a *Juris Doctor* degree from George Washington University.

b.  Yife Tien is the founder of RVU and serves as a member of the RVU Board.

c.  Mr. Usera commenced his employment with RVU on February 1, 2009.

## 5. COMPUTATION OF DAMAGE

a.  Plaintiff: Mr. Usera has experienced lost wages and lost benefits as a result of his wrongful termination. As of the date of his termination, Usera was earning $290,000 per year plus benefits. As of the date of the Scheduling Conference, Usera calculates that his lost wages and benefits are approximately $550,000. An economist will be retained to precisely calculate wage loss and in particular the net present value of future lost wages. Mr. Usera has not been able to mitigate his damages and his losses will continue to accumulate. In addition, Usera is seeking compensatory and emotional distress damages to be determined by a jury, punitive damages to be determined by a jury, pre- and post-judgment interest, and his attorney's fees and costs. Mr. Usera estimates that his attorney's fees and costs through trial will be between $300,000 and $400,000, and his costs will be between $50,000 and $75,000. As discovery continues in this matter and as expert witnesses are retained, these numbers will be subject to modification.

b.  Defendants: Defendants are not seeking damages other than attorney's fees and costs if the Court deems appropriate.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: July 8, 2015 at 9:00 a.m.

b. Names of each participant and party he/she represented.

Seth J. Benezra participated in the Rule 26(f) meeting on behalf of the Plaintiff, Joseph Andrew Usera. David Stacy and Carlos F. Osorio participated on behalf of the Defendants.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The Rule 26(a)(a) disclosures will be made in this case on July 28, 2015.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

e. Statement concerning any agreements to conduct informal discovery: None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties have agreed to use a unified exhibit numbering system during discovery in this matter.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Counsels do not anticipate that their claims or defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The Parties have agreed that electronically stored information will be produced in .pdf, .tif, or paper format

11

to the extent that any dispute may arise concerning disclosure of electronically stored information. The Parties agree to adhere to the Federal Rules of Civil Procedure, local rules, applicable case law, and will attempt to resolve any such dispute with reference to the <u>Sedona Principles: $2^d$ Ed, Best Practices, Recommendations and Principles for Addressing Electronic Document Production</u> (The Sedona Conference, June 2007).

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have discussed the possibilities for settlement in this case, including the possibility of using an external third-party neutral. Those discussions may continue.

### 7.  CONSENT

All parties   [ ] [have]   [ X ] [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8.  DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side will be limited to 10 depositions, excluding depositions of expert witnesses.

    b.    Limitations which any party proposes on the length of depositions.

The Parties should not propose any limitations on the length of depositions beyond those contained in the Federal Rules.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties propose that there be no limitations on the number of requests for production and/or requests for admission.

    d.    Other Planning or Discovery Orders

The Parties will file a Motion for Protective Order to protect the confidentiality of documents and information exchanged during discovery.

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: October 9, 2015

    b.    Discovery Cut-off: April 15, 2016

    c.    Dispositive Motion Deadline: May 15, 2016

    d.    Expert Witness Disclosure:

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        Plaintiff Usera may retain experts in the fields of economics, ethics/conflicts, psychiatry/psychology, and/or educational accreditation issues.

        Defendants RVU and Black may retain experts in the fields of economics, accounting, ethics/conflicts, psychiatry/psychology, educational accreditation issues, and/or the legal job market.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

        Each side will be limited to six expert witnesses.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 15, 2016.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 15, 2016. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and

information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

e. Identification of Persons to Be Deposed:

| Depositions by Plaintiff | | |
|---|---|---|
| **Deponent** | **Date of Deposition** | **Estimation of Time** |
| David Robert Black | | |
| Yife Tien | | |
| Bruce Dubin, D.O. | | |
| Makayla Jacob, Esq. | | |
| Peter Freytag | | |
| Patty Gordon | | |
| Cheryl Lovell, Ph.D | | |
| Dr. Steven Putthoff | | |
| Emily Bitterman | | |
| Vanessa Sanchez, Ph.D | | |
| Other deponents as identified during discovery | | |
| **Depositions by Defendants** | | |
| **Deponent** | **Date of Deposition** | **Estimation of Time** |
| David Robert Black, Esq. | | |
| Yife Tien | | |
| Bruce Dubin, D.O. | | |
| Makayla Jacob, Esq. | | |
| Andrew J. Usera, Esq. | | |
| Jo Zeimet | | |
| Emily Bitterman | | |
| Melissa Blomquist | | |
| Cheryl Lovell, D.O. | | |
| Lucienne Lacy | | |
| Thomas Mohr, D.O. | | |
| Walter Buck, Ph.D. | | |
| Steve Puthoff, D.O. | | |
| Vanessa Sanchez, Ph.D. | | |
| Robert Roehrich, Ph.D. | | |
| Thomas Mohr, D.O. | | |
| Thomas Saban, Ph.D. | | |
| Michael Martin, Ph.D. | | |

| | | |
|---|---|---|
| David Powell, Esq. | | |
| Erin Webber, Esq. | | |
| Jeff O'Neil | | |
| Lucy Chua, M.D. | | |
| Peter Freytag | | |
| Patty Gordon | | |
| Alison Griffin | | |
| Elise Scanlon, Esq. | | |
| Other deponents as identified during discovery | | |

This list is subject to revision as discovery in this matter continues.

  f. Deadline for Interrogatories: All interrogatories must be served so that the responses are due on or before the discovery cutoff.

  g. Deadline for Requests for Production of Documents and/or Admissions: All requests for production of documents and requests for admissions must be served so that the responses are due on or before the discovery cutoff.

### 10. DATES FOR FURTHER CONFERENCES

  a. Status conferences will be held in this case at the following dates and times:

_____.

  b. A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. None.

  b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a 7-10 day trial to a jury.

      c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.  None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED at Denver, Colorado, this ____day of August, 2015

                                BY THE COURT:

                                _____
                                United States Magistrate Judge

APPROVED:

| | |
|---|---|
| **s/ John A. Culver** | **s/ David H. Stacey** |
| /s/ John A. Culver | /s/ David H. Stacy |
| Seth J. Benezra | David H. Stacy |
| John A. Culver | **STACY & ASSOCIATES, LLC** |
| **BENEZRA & CULVER, P.C.** | 7887 E. Belleview Ave., Suite 1100 |
| Colorado Plaza Tower #1 | Denver, CO 80111 |
| 633 17th Street, Suite 1310 | (303) 770-2100 |
| Denver, CO 80202 | Email: dstacy@stacy-law.com |
| (303) 716-0254 | *Attorneys for Defendants* |
| sjbenezra@bc-law.com | |
| jaculver@bc-law.com | |
| *Attorneys for Plaintiff* | |

**s/ Hendrik G. Milne**

s/ Hendrik G. Milne
Hendrik G. Milne
Carlos F. Osorio
Renee R. Tischler
**ABALLÍ MILNE KALIL, PA**
2250 SunTrust International Center
One SE Third Ave.
Miami, FL 33131
305-373-6600
hmilne@aballi.com
cosorio@aballi.com
rtischler@aballi.com
*Attorneys for Defendants*